UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                            Case No. 08-19067-JKO

                                                                  Chapter 7 Case

CREATIVE DESPERATION INC.,
a/k/a PETER LETTERESE &
ASSOCIATES INC,

        Debtor.
_____/

**PRELIMINARY OBJECTION TO TRUSTEE'S MOTION FOR AUTHORITY
TO DISMISS PARTIES AND TO ABANDON CERTAIN LITIGATION CLAIMS**

Judgment Creditors (and Defendants), **CHURCH OF SCIENTOLOGY INTERNATIONAL**, ("CSI"), and **BRIDGE PUBLICATIONS, INC.** ("BPI") (collectively, the "Creditors"), by and through their undersigned counsel and pursuant to § 554 of the Bankruptcy Code and this Court's Scheduling Order dated July 21, 2009 (DE # 275), hereby file their Preliminary Objection to Trustee's Motion for Authority to Dismiss Parties and to Abandon Certain Litigation Claims ("Motion" and/or "Motion to Abandon") (DE #265), and in support thereof, state as follows:

A.    **PRELIMINARY STATEMENT**

1.    As this Court is uniquely aware, the Debtor, its principals and former counsel specialize in the commencement of sanctionable and baseless lawsuits. Indeed, the primary claims of the unsecured creditors are judgments against the Debtor brought about by prior, frivolous, harassing litigation. In fact, with absolutely no factual basis whatsoever, undersigned counsel and his law firm have likewise been named in a Federal District Court action, based solely on acting as a legal advisor in the instant proceeding. Apparently, the same is true for the Bankruptcy Judge overseeing these proceedings, the Assistant U.S. Trustee and numerous other

{216496.0001/N0779390_1}

judges, clerks, attorneys and law firms. The actions which are the subject of the Motion to Abandon are so ridiculous that the Federal District Courts in this jurisdiction have dismissed certain of them *sua sponte*.

2. Further, this Court has converted this case and a related proceeding, into respective Chapter 7 proceedings, with Chapter 7 Trustees being appointed. Both of those determinations were contested, involved evidentiary hearings and resulted in separate appeals. In fact, prior to said appeals the respective Debtors had filed separate motions to Withdraw The Reference to the District Court, while at the same time seeking to stay these proceedings by filing a due process case in Federal District Court seeking to improperly collaterally attack the jurisdiction of this Court.

3. Now, after relentlessly bombarding the Trustee with everything but a valid explanation as to the merits of the subject claims, and repeatedly threatening malpractice and additional lawsuits, the Debtor and its principals have succeeded in forcing the Trustee to turn the entire bankruptcy case on its head and in essence unwind the conversion orders by simply attempting to turn over the very same meritless actions to the Debtor's principals, but only after first being excused from said proceedings themselves. Candidly, this could be the most unjust result ever sought in a case with this record.

4. Indeed, in connection with the Court's analysis of the issues raised herein, it is absolutely critical for this Court to realize that the Creditors are not only judgment creditors in this proceeding, but more importantly "defendants" in the very actions sought to be abandoned. Thus, as a court of equity, this Court should give great weight to what is truly in the best interest of the creditors in connection with the relief sought by the Trustee. That perspective transforms the Motion to Abandon from that which is typical, to that which is extremely unique in that 90% of the creditors (who are judgment creditors) are defendants in several dubious actions. Clearly,

to return the sanctionable actions to the very same litigation terrorists would be grossly inequitable and not in the best interest of creditors. Further, such a notion does violence to the contested conversion orders entered by this Court in this and the related proceeding. Simply put, justice requires the Court to deny the Motion, which is the best interest of the creditors.

**B.     ADDITIONAL ARGUMENT**

5.      By way of the Motion to Abandon, the Trustee seeks court authority to abandon the "Due Process Case", "Bankruptcy Due Process Case" and the "Rico Case" (but only after the Trustee and her professionals are excused from same). That would leave the remaining defendants, who comprise the majority of the creditors in this case, to continue to be subjected with baseless litigation, as if no bankruptcy was ever filed and no conversion orders entered.[1] The Trustee has suggested as a basis for the relief sought that said actions "are of no consequential value to the estate" (Motion, page 3) and have "dubious legal validity" (Motion, page 1).

6.      Although the Trustee's conclusions that the cases have no merit are accurate, undersigned has proposed substantial monetary consideration to the estate in exchange for a dismissal of the cases with prejudice. This fact was disclosed as a possibility by the Trustee in her Motion. For whatever reason, the Trustee is currently inclined to take nothing as compared to something, purportedly due to the threats and conduct of the Debtor and/or its principals and agents. Regardless, if the estate could obtain some consideration rather than none for the abandonment, the Trustee should be compelled to dismiss the baseless actions rather than abandon same for nothing.

7.      Indeed, a settlement has value to the estate and creditors. The initial benefit is the dismissal in favor of the defendants, which include the vast majority of the creditors in this

---

[1] / The actions are currently stayed by Court Order upon the request of the Trustee.

{216496.0001/N0779390_1}                                3

estate. Moreover, in response to an inquiry as to the value of these claims, the Trustee testified at her deposition that she would simply determine how much fees were allocated by her counsel, and any settlement above that would go to the creditors. Assuming for the moment that the fees correlated to the value, given that the cases were stayed, any corresponding fees would have to be nominal. Thus, even a modest settlement would be beneficial to the estate per the Trustee.

8. Moreover, any suggestion by the Trustee that any settlement will be exhausted due to additional fees based on unfounded objections and meritless appeals by Letterese, is completely off the mark. Indeed, neither of the debtor's two shareholders, Peter Letterese or Barbara Fawcett (or for that matter, Trustee Osborne in the Letterese personal Chapter 7 action), filed proofs of claim or interests in this case as required by Fed. R. Bankr. P. 3002. The bar date has long expired. Consequently, they have no standing to appeal, let alone object. Accordingly, the Motion must be denied.

9. Obviously, the Debtor's principals and advisors have succeeded in terrorizing the Trustee. Indeed, the Trustee recently confirmed at her deposition the barrage of threats from Mr. Letterese relative to what the Trustee should or should not do in connection with the claims under consideration herein. Specifically, enclosed herein (as Composite Exhibit "1") is an e-mail dated October 7, 2008 from Mr. Letterese addressed to Trustee Tolz, demonstrating the threat of malpractice should the Trustee attempt to settle the subject claims. Oddly enough, the October 8, 2008 e-mail attached thereto (as Composite Exhibit 1) reflects the Trustee's continuing effort to obtain the case analysis from Letterese, so as to permit the Trustee to complete her due diligence regarding the validity of the lawsuits she seeks to abandon. At the deposition of the Trustee, she did not recall ever receiving such case analysis.

10. Furthermore, the Trustee testified that the claims in question have little or no merit and was not surprised to learn that it was Mr. Letterese's intention to bombard the Trustee

so as to force her to abandon the subject claims. In this regard, attached as Exhibit 2 hereto, is an October 10, 2008 e-mail from Debtor's counsel to Mr. Letterese wherein she states that the Trustee is "tired of getting bombarded by you on a daily basis or you will file a malpractice suit against him and the Trustee…. So hopefully this will give Marika enough time to consider this cases [sic] and decide to abandon them because they are too complicated, time consuming and may not add benefit to the estate (unless you are in control of them, of course)."

11. Given the record established in this case, whereby the Debtor commences frivolous actions with absolutely no factual basis whatsoever, including against counsel of record and their law firms, coupled with the threatening e-mails for malpractice and the disclosure of the internal efforts by the Debtor to intentionally bombard the Trustee on a daily basis to force an abandonment, constitute a sufficient basis to deny the Trustee's Motion to Abandon. To do otherwise would be to reward the Debtor for such improper behavior.

12. Again, as with almost all of the creditors in this estate, there is no benefit to the Creditors/defendants by continuing to subject them to the same litigation terrorism that this Court and Trustee have only recently been exposed to. These claims have no merit per the position of the Trustee and her advisors. Indeed, at the trial for sanctions against Mr. Franken, Mr. Genovese, as counsel for the Trustee, testified that no attorneys were interested in taking over the cases and his perception was that they likewise had no merit. Moreover, the Trustee herself filed a proof of claim for two and half million dollars in the Bankruptcy Case of Mr. Letterese, in part based on the filing of frivolous actions. See paragraph 1 on page 3 of the Claim 14-1, Case 08-19642. This comes as no surprise given the trial for sanctions against Mr. Franken in which the Trustee repeatedly argued that the claims in question were frivolous and harmed the estate. ( See, Motion for Sanctions and Contempt against Charles D. Franken (DE # 148) paragraphs 14 and 18).

13. Moreover, to abandon the subject claims is counterproductive and will result in further prejudice to the creditors of this estate. Indeed, if that were to occur, Trustee Osborne would be in a deadlock position with Debtor's shareholder, Ms. Fawcett (arguably controlled by Peter Letterese) as the 50% shareholder of the Debtor. In such a scenario, Mr. Osborne could do nothing with said claims absent the consent and approval of Fawcett/Letterese, and therefore would eventually abandon same or not administer same, thereby reverting back to Mr. Letterese. At no time will Trustee Osborne have the legal authority or ability to settle, sell or otherwise dispose of said claims given the deadlock position with Fawcett/Letterese. Stated somewhat differently, the Osborne estate will be prejudiced if the Motion is granted.

14. The Creditors have been prejudiced enough, having expended significant dollars with regard to meritless litigation, no different than what this Court has seen with its own eyes. To suggest returning those sanctionable claims to the same individuals responsible for such egregious conduct, is not only illogical, but more importantly inequitable and under any circumstances not in the best interest of creditors (the defendants), and therefore not in the best interest of the estate. In fact, to suggest an abandonment is no different than to request to vacate the conversion orders, which is factually and legally impossible.

15. Alternatively, Section 554 of the Code provides that after notice and a hearing, the trustee "<u>may</u>" abandon. Consequently, the Court has the discretion to reject the business judgment of the trustee. Thus, even if the above arguments were not dispositive on the issue, the Court is not *required* to permit the abandonment by the Trustee under § 554 of the Code as a matter of law. Conversely, if the Court did require abandonment, the subject claims should be abandoned to the named defendants.

16. Further, the deposition of the Trustee has not been concluded. Thus, Creditors reserve the right to supplement this Objection upon the conclusion of discovery. Notwithstanding the foregoing, the Objection is being filed to set forth the preliminary objection.

17. Interestingly, the Debtor's principals are not objecting to the Motion, a sign that something *is terribly* wrong. Indeed, prior to the Motion, the Debtor or its principals threatened the Trustee with malpractice if she settled with the Creditors and breach of fiduciary duty for not prosecuting said claims (D.E. #140). Fast forward to today, and the same individuals are sitting by waiting for a purported "gift" from the Trustee for no consideration, and at the cost and expense of the creditors of this estate. Surely, this result can not be approved by the Court.

**WHEREFORE**, the CHURCH OF SCIENTOLOGY INTERNATIONAL and BRIDGE PUBLICATIONS, INC. respectfully request the entry of an Order denying Trustee's Motion for Authority to Dismiss Parties and to Abandon Certain Litigation Claims, and for such other and further relief as may be just and proper.

Dated: August 19, 2009.

>Respectfully submitted,
>
>ADORNO & YOSS LLP
>
>By: /s/ Alan J. Perlman
>Alan J. Perlman
>Florida Bar Number: 826006
>Shirin Movahed
>Florida Bar Number: 031546
>350 East Las Olas Boulevard, Suite 1700
>Fort Lauderdale, Florida 33301-4217
>Phone: (954) 763-1200
>Fax: (954) 766-7800
>aperlman@adorno.com
>smovahed@adorno.com
>Attorneys for Creditors:
>CHURCH OF SCIENTOLOGY INTERNATIONAL
>BRIDGE PUBLICATIONS, INC.

## *CERTIFICATION*

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

## **CERTIFICATE OF SERVICE**

I HEREBY FURTHER CERTIFY that on this 19th day of August, 2009 a copy of the foregoing Motion was served via CM/ECF to participants who have consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said parties.

By: /s/ Alan J. Perlman
    Alan J. Perlman
    Florida Bar Number: 826006
    Shirin Movahed
    Florida Bar Number: 031546
    350 East Las Olas Boulevard, Suite 1700
    Fort Lauderdale, Florida 33301-4217
    Phone: (954) 763-1200
    Fax: (954) 766-7800
    aperlman@adorno.com