UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN RE :

CREATIVE DESPERATION INC.,
a/k/a PETER LETTERESE &
ASSOCIATES INC.,

Case No. 08-19067-RBR
Chapter 7 Case

    Debtor.
_____/

**LIMITED OBJECTION TO TRUSTEE'S ABANDONMENT OF CLAIMS
TO CREATIVE DESPERATION, INC., AND REQUEST FOR § 725
DISPOSITION OF CLAIMS AGAINST DR. DOUGLAS G. NESS, DR. MARC A.
SCHWARTZ, SCHWARTZ DENTAL PRACTICE, DR. L. SCOTT BRODY,
EDWARDS ANGELL PALMER & DODGE LLP, SIMEON BRIER,
ANTOINETTE THEODOSSAKOS AND GARY WOODFIELD**

Dr. Douglas G. Ness, Dr. Marc A. Schwartz, Schwartz Dental Practice, Dr. L. Scott Brody (the "EAPD Clients"), Edwards Angell Palmer and Dodge LLP, Simeon Brier, Antoinette Theodossakos and Gary Woodfield (collectively, "EAPD", and together with the EAPD Clients, the "EAPD Group"), by and through their undersigned counsel, hereby object to the Trustee's Motion for Authority to Dismiss Parties and to Abandon Certain Litigation Claims (the "Motion") and reserve their right to adopt objections to the Motion asserted by other creditors and interested parties. In support hereof, the EAPD Group respectfully states as follows:

**PRELIMINARY STATEMENT**

It is undisputed that a bankruptcy trustee may abandon burdensome or worthless claims under § 554 of the Bankruptcy Code. In addition, a trustee under chapter 7, obligated to administer all property of the estate, has the power to dispose of assets in which any other party has an interest, including by transferring the property to such interested party. 11 U.S.C. § 725.

PMB 383082.1

We respectfully urge the Court to deny the Trustee's request for § 554 abandonment as to the EAPD Group. We believe that the proper administration of justice requires that 1) the Trustee, as legal owner of claims against the EAPD Group, dismiss all such pending claims with prejudice; 2) with Court approval under § 725, the Trustee distribute any residual claims, including any appellate or other such rights, against each of the EAPD Group to the respective defendant; and 3) that the order approving the foregoing be referred to the United States District Court for confirmation. We would suggest that remedies 2 and 3 extend to all defendants, including the State Judges and indeed the Trustee, lest as a result of a § 554 abandonment, the management of the Debtor argue that this Court has authorized it to prosecute appellate and reconsideration rights, as suggested in the Trustee's Motion (at pg. 5), or sue to enforce pre-petition (or indeed post-petition) rights not previously asserted in the Litigation.

Furthermore, any value the Trustee might hope to recover from the Litigation would only be the extortion value that might be squeezed out of Litigation defendants in the hopes that they might diminish the Debtor's relentless and meritless litigation efforts. The Trustee should not be permitted to abandon these vacuous lawsuits to the Debtor, which might be read to implicitly authorize the continued harassment of the defendants.[1] The appropriate action in the current circumstance is to permit the Trustee to abandon the Litigation to the named defendants, not to the Debtor, as permitted by 11 U.S.C. §725, resulting in a merger and dissolution of the respective claims, ending the madness and permitting the remainder of the estate to be properly administered by the Trustee.

---

[1] The Trustee's suggestion that a § 554 order will vest rights in Mr. Letterese's trustee, Les Osborne, is wrong-minded. Mr. Osborne is at most CDI's majority shareholder, and one doubts that his shares will either be a majority or will give him control of CDI, assuming he were willing to deal with the hot potatoes that Ms. Tolz proposes to toss in his direction. Judicial economy favors final resolution of these matters.

## BACKGROUND

Each member of the EAPD Group, along with numerous trial and appellate judges (the "State Judges"), and clerks, among others, has been named as a defendant in both the RICO (dismissal and Rule 11 sanction requests pending) and Due Process (dismissed) Cases (collectively the "Litigation") in connection with their alleged involvement in the so-called Scientology "Crime Syndicate". The Debtor's position, to the extent it can be extracted from the delusional ramblings contained in the Litigation papers, is that any party who takes a position adverse to Creative Desperation Inc. ("CDI") or its principal, Mr. Peter Letterese, must have been induced and manipulated to do so by the Church of Scientology as part of a grand "Crime Syndicate" spanning more than thirty (30) years.

The involvement of the EAPD Group in this alleged conspiracy stems not from any relationship with the Church, but rather from three separate actions in which EAPD represented the EAPD Clients who commenced litigation against CDI and its principal, Peter Letterese. Those litigation matters were essentially breach of contract claims stemming from dental consultation agreements entered into with CDI and a breach of same by CDI and its principal when they refused to honor verbal agreements and the money-back guaranty contained in the written contracts. Per their rights and contractual agreements, EAPD commenced actions on behalf of the EAPD Clients, initially before the American Arbitration Association, against CDI and its principal in three separate matters. The matters were extensively litigated before both the American Arbitration Association and the Seventh Judicial Circuit of Florida. Ultimately, EAPD obtained money judgments in favor of its clients in two of those matters, confirmed by Judge Eade of the Seventeenth Judicial Circuit in and for Broward County, Florida and later upheld by the Fourth District Court of Appeals (both also became Defendants to the Litigation as a result).

The third matter was stayed prior to a final arbitration hearing and judgment being entered (the Ness matter). Despite the fact that none of those actions involved, either directly or indirectly, the Church of Scientology, the licensing rights allegedly owned by CDI, other litigation matters with CDI or any of the other parties named in the Litigation, the EAPD Group was embroiled in those actions by CDI and its principal, meritless claims, likely filed in retaliation for the state court litigation, and filed on the eve of seeking Bankruptcy protection with this Court. Allegations beyond that against the EAPD Group are *in pari materia* with allegations against the State Judges, and for that matter against this Court: all are embroiled in the grand criminal conspiracy against the debtor and Mr. Peter Letterese.

### A. It Is Inappropriate And Improper For The Trustee To Abandon The Litigation To The Debtor Because The Litigation Is A Core Matter Based on Its Relationship With The Proofs of Claims

The Litigation, at least as it relates to the EAPD Group, involves the subject of proofs of claims filed in these proceedings. Each of the EAPD Clients has filed a separate proof of claim (collectively, the "Dentist Claims") premised on the judgments and claims against the Debtor arising from the Galileo and S.A.V.E. programs run by the Debtor. Likewise, EAPD has filed a contingent proof of claim (the "EAPD Claim", and together with the Dentist Claims, the "Proofs of Claims") for damages as a result of the Litigation. The allegations against the EAPD Group in the Litigation relate directly to their participation in the underlying lawsuits and judgments that form the basis of the Proofs of Claims. Accordingly, the Litigation must be asserted as a compulsory counterclaim with respect to the Proofs of Claims, and vice versa. Counterclaims against persons filing claims against the estate are core matters. 28 USC § 157(2)(C). Imagining, *arguendo* that it had any validity as to the EAPD Group, this Court should not countenance removal of core proceedings to other tribunals.

### B.    The Motion Is Insufficient Under § 554

The Trustee has correctly stated the applicable law: section 554 permits a trustee to abandon property that is "burdensome" or "of inconsequential value" to the estate. 11 U.S.C. § 554. However, the Trustee has not shown that the Litigation is either burdensome or of inconsequential value. Furthermore, as the Motion correctly states, "[p]rior to abandoning a claim, a trustee is required to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risk, delays and expense of prolonged litigating of an uncertain cause", Motion at pg. 3 (quoting *In re Thompson*, 965 F. 2d 1136, 1145 ( 1st Cir. 1992)), a further burden the Trustee has not met. The Trustee's need to end the Church/Letterese imbroglio that drains her time and resources – no doubt materially so – makes abandonment appear to be a self-evident remedy, but the Trustee has not met her burden.

The Trustee suggests, and a modicum of judgment makes compellingly clear, that the actions against the EAPD Group and the State Judges who ruled in favor of the EAPD Clients would not justify the incurrence of legal fees. Indeed, prosecution of such claims would not only be a waste of attorneys' fees, but would also expose the plaintiffs to the sanctions that would flow from prosecution of such claims. Accordingly, we share the Trustee's view that she cannot administer the Litigation against the EAPD Group by prosecution thereof, but not because they are burdensome or because of 'lack of resources', but because they are unmeritorious.

Likewise, the Trustee has failed to show that the Litigation is of inconsequential value to the estate. The Trustee's position in the Motion is inconsistent with respect to the whether the Litigation is actually of inconsequential value to the estate. The Trustee recognizes that the Litigation has "dubious legal validity", yet inexplicably relies solely on the claims of the "serial litigants" who have asserted "baseless" claims against her in support of her claim that there

might be "some" value to the litigation that she lacks resources to pursue. To the extent that the Trustee's inquiry over the past months has established that there *is* a valid claim within the bounds of F.R.C.P. 11 that might be pursued by a competent, licensed and ethically responsible attorney and which is supported by something other than the hollow insistence of the Debtor's principal and his counsel, it would be improper to permit the Trustee to simply abandon the claims without making a good faith attempt to sell them.[2]

Finally, the Trustee has failed to perform the "diligent investigation" and reach an "informed judgment" with respect to the Litigation that she recognizes is required prior to abandonment. By her own admission, the Trustee does not "pass[ ] further judgment as to the validity of the remaining claims in the RICO case", rather merely suggests that they should be abandoned. (Motion, page 7, line 12). As to the requirement of "diligent investigation", she indicates only that "the Debtor's counsel, Charles Franken and its principal, Peter Letterese ("Letterese") insist that such litigation is viable and has factual support." Motion at pg. 1. Given the known history of Mr. Franken and Mr. Letterese, such an "investigation" can hardly be deemed diligent  We submit that the Motion as to the EAPD Group, if it is to be taken at its terms, is premature. When the Trustee has completed the required diligent investigation, which can hardly require discovery, she ought without further difficulty to conclude that the Litigation as against the EAPD Group is spurious. Nothing in *Thompson* or any other authority that we locate suggests that abandonment is required or even permitted as to claims that are not merely legally inconvenient, but ethically unprosecutable.[3]

---

[2] We are aware that our co-defendant Church of Scientology has indicated a willingness to settle the Litigation, but believe this to be an attempt to avoid the effect of the abandonment to the Debtor. The Trustee has in her Motion been a bit coy about this fact, suggesting that she may still seek to sell the Litigation claim, at least against the Church. We trust that this is not a matter of price, but of fair inquiry.

[3] Likewise, the Trustee's claims against the Church of Scientology International are unripe for abandonment or any other treatment under *Thompson*. As creditors, the EAPD Group believe that they have standing to assert this position. As to the Church of Scientology International, the Trustee has not concluded that claims are

Still, if the Trustee continues in her view that the Litigation must be administered in some fashion, and assuming further that 'inconsequential value' is established, we respectfully assert that abandonment under §554 carries with it the harms to the defendants of sale, and should be avoided unless absolutely necessary. Abandonment is not the sole, nor on these facts the desirable, way to alleviate the Trustee of the Litigation. That route is under Bankruptcy Code §725.

Moreover, in her Motion the Trustee requests that the Court allow the dismissal of the Trustee, her counsel and this Court (as well as other state court Judges) prior to abandonment, and in part, relies on the *Barton* Doctrine for authority. However, the Trustee's reliance on *Barton* is far too narrow. As the Eleventh Circuit recently held in *Lawrence v. Goldberg, et al.*, 2009 WL 1974755, 21 Fla. L. Weekly Fed. C 2035, C.A.11 (Fla.), July 10, 2009 (NO. 08-11034), the *Barton* Doctrine should be applied to dismiss *creditor* defendants to an action filed by the debtor without first seeking leave of Court, especially where the creditor defendants are integral in assisting the trustee, whether financially or perhaps otherwise, in executing his/her duties and/or bringing assets back into the estate. As such, the *Barton* Doctrine and the recent interpretation of same by the Eleventh Circuit supports dismissal of the EAPD Group as well.

### C. The Litigation Should Be Transferred To The Litigation Defendants Pursuant to 11 U.S.C. §725

Section 725 of the Bankruptcy Code provides that "the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest ..." Section 725 is a broad catch all provision meant to "to give the court flexibility to meet **special**

---

unmeritorious, suggesting with her reservation of rights and otherwise that she is anything but certain of such a conclusion. If they have merit, they may and indeed be offered to counsel equipped to accept contingent fee litigation, or sold to the highest bidder, which might include the Church. The Motion should be denied as to the Church, without prejudice, subject to renewal when the Trustee has reached an informed judgment after diligent investigation; the Motion reflects the absence of both. Further, no diligence beyond that reflected in the Motion ought to be needed to conclude that the "Bankruptcy Due Process Case" needs to be dismissed as against Adorno & Yoss for the self-evident reasons that it must be dismissed against the Court and the Assistant United States Trustee.

**circumstances.**" *In re 82 Milbar Blvd., Inc.*, 91 B.R. 213, 220 (Bankr. E.D.N.Y. 1988) (emphasis added). We respectfully submit that the circumstances here are special. The Trustee wishes to rid herself of burdensome and/or valueless property; abandoning "claims" against the EAPD Group to the Debtor is intolerable as a matter of simple justice and unworkable in terms of the claims adjudication process. Section 725 offers a statutory basis for an outcome satisfactory to all but Mr. Letterese and his cohorts, and at this point Mr. Letterese and his cohorts' discomfiture can hardly be considered of import.

The ministerial act of filing dismissals is a mere incident of estate administration and certainly less burden than the enterprise that the Trustee has undertaken in bringing the Motion and her obviously extensive interplay with, and apparent reliance upon, Mr. Letterese and Mr. Franken. Given the inadequate basis for the Court to order abandonment based on § 554, we respectfully urge that disposal under § 725 is appropriate.

E.  **Request for Extension of Bar Order and for District Court Approval**

Finally, it is respectfully requested that the Court, in addition to ordering dismissals of the Litigation and distribution of residence claims to each defendant under § 725 and § 105 granting protections, refer the matter to the U.S. District Court for final action. Requests for neither, of course, are pending; both should be made before the Court acts on disposition of claims against the EAPD Group, or for that matter against anyone. Expansion of the Bar Order previously entered by this Court is warranted by the excesses of the Debtor, its principal and their counsel. Entry of confirmatory order by the District Court would expunge the appearance of impropriety that might otherwise be asserted were the Court, which has been named co-defendant, to act alone; further it would fortify the order with full Article III powers, advantage the defendants

with multi-district enforcement, and impress upon the minds of Mr. Franken, Mr. Letterese and any of their colleagues the gravity of their abuses.

Dated: August 19, 2009                              Respectfully Submitted,

**Edwards Angell Palmer & Dodge LLP**
Attorneys for Creditors, Dr. Douglas G. Ness, Dr. Marc A. Schwartz, Schwartz Dental Practice, And Dr. L. Scott Brody
1 North Clematis Street, Suite 400
West Palm Beach, FL 33401
(561) 833-7700 Telephone
(561) 655-8719 Facsimile
E-mail: sbrier@eapdlaw.com

By:_____
Simeon D. Brier
Florida Bar No. 525782


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served via regular United States Mail or Electronic Mail upon the parties detailed on the attached service list this 19th day of August, 2009.

**Edwards Angell Palmer & Dodge LLP**
Attorneys for Creditors, Dr. Douglas G. Ness, Dr. Marc A. Schwartz, Schwartz Dental Practice, And Dr. L. Scott Brody
1 North Clematis Street, Suite 400
West Palm Beach, FL 33401
(561) 833-7700 Telephone
(561) 655-8719 Facsimile
E-mail: sbrier@eapdlaw.com

By:_____
Simeon D. Brier
Florida Bar No. 525782

**SERVICE LIST**

Ariel Rodriguez
Office of the U.S. Trustee
51 SW 1 Avenue #1204
Miami, FL 33130

Marika Tolz
1804 Sherman Street
Hollywood, FL 33020
Marikatolz@aol.com

Robin R. Weiner
Chaper 13 Trustee
ecf@ch13weiner.com; ecf2@ch13weiner.com

Nemia L Schulte, Esq
2401 E Atlantic Blvd # 400
Pompano Bch, FL 33062
nemia2000@aol.com

Charles Franken
frankencdf@aol.com

Alan J. Perlman
Adorno & Yoss
350 E. Las Olas Blvd., Ste. 1700
Ft. Lauderdale, FL 33301

Barry Gruher
John H. Genovese
Genovese, Joblove, Battista
200 E. Broward Blvd., Ste. 1110
Ft. Lauderdale, FL 33301
jgenovese@gjb-law.com

Arnstein & Lehr PA
200 E. Las Olas Blvd. #1700
Ft. Lauderdale, FL 33301-3404

Creative Desperation, Inc.
4581 Weston Road, #305
Weston, FL 33331

Peter D. Letterese
14581 Old Sheridan Street
Southwest Ranches, FL 33330