UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                    Case No. 08-19067-JKO

                                                                          Chapter 7 Case

CREATIVE DESPERATION INC.,
a/k/a PETER LETTERESE &
ASSOCIATES INC,

       Debtor.
_____/

## MOTION TO DISMISS BANKRUPTCY COUNSEL AS PARTIES FROM POST-PETITION LITIGATION CLAIMS WITH PREJUDICE

**CHURCH OF SCIENTOLOGY INTERNATIONAL**, ("CSI"), and **BRIDGE PUBLICATIONS, INC.** ("BPI") (collectively, the "Movants"), by and through their undersigned counsel, and pursuant to this Court's oral ruling announced on the record on August 26, 2009, hereby file their Motion to dismiss Bankruptcy Counsel as Parties from Post-Petition Litigation Claims with prejudice (the "Motion"), and in support thereof, state as follows:

**I.    PRELIMINARY STATEMENT**

1.    As this Court is uniquely aware, the Debtor, its principals and former counsel are not shy when it comes to the commencement of lawsuits. Indeed, Attorney Alan J. Perlman ("Perlman") and his Law Firm Adorno & Yoss LLP("A&Y") have been named in a Federal District Court action, based solely on acting as a legal advisor in the instant proceeding. Apparently, the same is also true for the Bankruptcy Judge overseeing these proceedings, the Assistant U.S. Trustee and numerous other judges, clerks, attorneys and law firms. Indeed, pursuant to the Court's recent Order, as announced at the August 26, 2009 hearing on the Trustee's Motion for Authority to Dismiss Parties and to Abandon Certain Litigation Claims [D.E. #265] ("Trustee's Motion to Abandon"), certain parties have now been removed from the

{216496.0001/15880001_1}

various litigation claims that were frivolously brought against them by the Debtor. In fact, the actions which were the subject of the Trustee's Motion to Abandon were so ridiculous that the Federal District Courts in this jurisdiction have dismissed some of them *sua sponte*.

2.  Pursuant to *Barton v. Barbour*, 104 U.S. 126, 129, 26 L.Ed. 672 (1881) (the "*Barton* Doctrine"), and *Lawrence v. Goldberg (In re Lawrence)*, 153 Fed. Appx. 552, 553 (11th Cir. 2005) (unpublished), the *Barton* doctrine should be extended to dismiss Perlman and A&Y from the action filed against them by the Debtor since he and his firm were merely functioning "as the equivalent of court appointed officers" to which the *Barton* Doctrine similarly protects. *See Carter v. Rodgers*, 220 F.3d 1249, 1252 n.4 (11th Cir. 2000) (interpreting the *Barton* doctrine to include those who function in a capacity that is equivalent to a court appointed officer).

3.  As members of the Bankruptcy Bar, Perlman and A&Y function as officers of the Bankruptcy Court and are required to abide by the rules and code of conduct set forth by the Bankruptcy Court as required to maintain their membership status and to practice before this Court.

4.  Moreover, the filing of the amended complaint by the Debtor and its former counsel in the cause styled *Creative Desperation, Inc. f/k/a/ Peter Letterese & Associates et al. v. The Church of Scientology International, Inc. et al*, Case No. 08-61109-Zloch/Snow) (the "RICO Case") to include Perlman and A&Y as named parties to the action was *ultra vires*, since it was done without authority from the Bankruptcy Court, as acknowledged in the Trustee's Motion to Abandon [D.E. #265, pp. 5, 7].

5.  In addition, the Debtor, through its principal Mr. Peter Letterese ("Letterese"), acknowledged that the claims brought against Perlman and A&Y had no factual or legal merit, as

reflected by Letterese's testimony in the transcript of the §341 Meeting of Creditors. [D.E. #223, pp. 28 – 30].

6. Finally, pursuant to the Court's oral ruling on August 26, 2009, since the counter parties to the alleged conduct have been rightfully dismissed with prejudice from the RICO Case, the dismissal of these parties precludes any claims being brought against Perlman and A&Y for their alleged involvement with the now dismissed parties.

## II. ARGUMENT

7. By way of this Motion, Movants respectfully seek to dismiss Perlman and A&Y with prejudice as named parties to the Rico Case, in a similar fashion as this Court has already authorized the dismissal of the parties identified in the Trustee's Motion to Abandon. There is no reason for Perlman and A&Y to continue to be subjected to baseless litigation, which the Trustee and this Court have already acknowledged to be without merit. The Trustee has stated in support of her Motion to Abandon that said actions have "dubious legal validity" (Trustee's Motion, D.E. #265, p. 1).

### A. Debtor's Conduct Was Ultra Vires

8. The Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on June 30, 2008. The Debtor, through its principal Letterese, and its former counsel, filed a First Amended Complaint in the Rico Case, which added as defendants Perlman and A&Y, along with the Trustee and her counsel, on October 24, 2008. At no time did Debtor or its former counsel obtain the permission of this Court or otherwise have any authority to file an amended complaint in the Rico Case and causing Perlman and A&Y to be named in the action.

9. Debtor's conduct, in acting *ultra vires* should not be tolerated or condoned and this Court should allow Perlman and A&Y to be dismissed with prejudice from the Rico Case

since Debtor did not have any authority to amend the complaint and include said counsel in the action.

### B. The *Barton* Doctrine Precludes Movants from Being Named in Rico Case

10. In *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000), the only published case in the Eleventh Circuit interpreting the *Barton* doctrine, the Court held that as a matter of federal common law, "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Id.* at 1252. The Eleventh Circuit further held that the *Barton* doctrine applies to actions against officers approved by the bankruptcy court when those officers function "as the equivalent of court appointed officers." *Id.* at 1252 n.4.

11. It is undisputed that Debtor and his former counsel did not obtain leave of this Court before filing the amended complaint in the Rico Case in the District Court. Perlman and A&Y at all relevant times herein, were functioning as the equivalent of court appointed officers in representing their client's interests as judgment creditors.

12. Accordingly, the *Barton* doctrine should be expanded to similarly protect Perlman and A&Y from the filing of frivolous litigation by a Debtor who has been notorious for filing a claim against anyone who suggests an opposite view, which includes judges, as well as opposing counsel.

### C. Debtor's Sworn Testimony Does Not Support Claim Against Bankruptcy Counsel

13. The Debtor, acting through Letterese, at the §341 Meeting could not attest to having any factual or legal support for the allegations made against Perlman and A&Y. At the §341 meeting, when asked by Perlman as to what facts the Debtor had to support the allegations that he bribed the Bankruptcy Court and Judge Olson, Debtor's response was that it was "upon information and belief." [See D.E. #223, page 28, lines 17 – 23]. Then when Letterese was

pressed by Perlman to state exactly what facts he had knowledge of that supported his belief, the Debtor responded by saying "[y]our conduct, the Judge's conduct, the trustee's conduct throughout this case." [D.E. #233, page 30, line 5]. That's it – nothing more!

14. The Trustee's Motion to Abandon further supports this Motion given that her review of the documents revealed that the litigation claims had "dubious legal validity." [D.E. #265, p. 1). Furthermore, in view of the statements made by the Debtor through Letterese at the §341 Meeting, it is not surprising that the Trustee has yet to declare having found any documents or information to support the allegations made against Perlman and A&Y in the Rico Case.

15. Moreover, given that this Court has authorized the Trustee to dismiss herself, her counsel and all the judges named in the various litigation claims filed by the Debtor, including their involvement in the Rico Case, it should likewise allow the dismissal of Perlman and A&Y who were similarly named in the action as a result of simply acting in the capacity of legal counsel in representing their clients' interest in the proceedings.

D. **Equity Compels Dismissal**

16. It would be unjust, if not unconscionable, for this Court to permit the trafficking of frivolous lawsuits by the Trustee against lawyers whose only involvement in the proceedings was to have appeared on behalf of their clients and represented their interests in this proceeding.

17. There is no doubt that this Trustee is not in possession of any facts or law to support going forward with the RICO Case against Perlman and A&Y, as she has repeatedly acknowledged in her Motion to Abandon. [D.E. #265, p. 7].

**WHEREFORE**, the Movants respectfully request the entry of an Order granting the Motion to Dismiss Bankruptcy Counsel as Parties to the Post-Petition Litigation Claims, and for such other and further relief as this Court may deem to be just and proper.

Dated: September 2, 2009.

>Respectfully submitted,
>
>ADORNO & YOSS LLP
>
>By: /s/ Alan J. Perlman
>Alan J. Perlman
>Florida Bar Number: 826006
>Shirin Movahed
>Florida Bar Number: 031546
>350 East Las Olas Boulevard, Suite 1700
>Fort Lauderdale, Florida 33301-4217
>Phone: (954) 763-1200
>Fax: (954) 766-7800
>aperlman@adorno.com
>smovahed@adorno.com
>Attorneys for Creditors:
>CHURCH OF SCIENTOLOGY INTERNATIONAL
>BRIDGE PUBLICATIONS, INC.

## *CERTIFICATION*

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

## CERTIFICATE OF SERVICE

I HEREBY FURTHER CERTIFY that on this 2nd day of September, 2009 a copy of the foregoing Motion was served via CM/ECF to participants who have consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said parties.

>By: /s/ Alan J. Perlman
>Alan J. Perlman
>Florida Bar Number: 826006
>Shirin Movahed
>Florida Bar Number: 031546
>350 East Las Olas Boulevard, Suite 1700
>Fort Lauderdale, Florida 33301-4217
>Phone: (954) 763-1200
>Fax: (954) 766-7800
>aperlman@adorno.com