UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

CREATIVE DESPERATION INC.

Case No 08-19067 BKC JKO
Chapter 7 Converted from 11

        Debtor
_____

CHARLES D. FRANKEN AND CHARLES D. FRANKEN PA MOTION FOR REHEARING,
MOTION TO ALTER OR AMEND JUDGMENT, MOTION FOR RELIEF, AS TO
SEPTEMBER 11, 2009 ORDER DE 315 AND MEMORANDUM OPINION AND AMENDED
ORDER DATED SEPTEMBER 14, 2009, GRANTING CHAPTER 7 TRUSTEE MOTION
FOR SANCTIONS AND CONTEMPT DE 148 AND DENYING FINAL FEE APPLICATION
OF CHARLES D. FRANKEN ESQ. DE 190

        COMES NOW CHARLES D. FRANKEN AND CHARLES D. FRANKEN PA

(collectively referred to as "Franken") as former counsel for

DEBTOR CREATIVE DESPERATION INC. ("Debtor") who by and through his

undersigned attorney pursuant to Rules 9023 and 9024 does hereby

file this Motion and Memoranda of law in Support of Franken's

Motion to Alter or Amend this Court's Order and Memorandum Opinion

and Amended Order entered September 14, 2009, Granting Chapter 7

Trustee's Motion for Sanctions and Contempt against Charles D.

Franken DE 148 ("Court Order") and denying Charles D. Franken PA

Final Fee Application DE 190; or Motion for Rehearing of the Court

Order; or Motion for Relief of the Court Order and Motion to Stay

all requirements to be performed pending the Motion for rehearing

as follows:

1. BARRING FRANKEN BANKRUPTCY PRACTICE FOR 180 DAYS IS EXCESSIVE OF
WHAT WAS SOUGHT BY TRUSTEE NOR WARRANTED UNDER THE FACTS AND
FURTHER DENIES FRANKEN ACCESS TO THE COURTS FOR PURPOSES OF THIS
PROCEEDING

        1. The Trustee did not during the final hearing on June 23,

2009 or in her submission to the Court of proposed findings of fact

and conclusions of law seek the sanction of barring Franken from

practicing bankruptcy law before this Court. The Trustee did not

present such argument during the final hearing.

2. The Court was presented by Franken of a 30 plus year record in practicing before the Bankruptcy Court where no harm had been done to any debtor or creditor to reach the level of suspending Franken from the practice of bankruptcy law. The Court was advised on numerous occasions not just at the final hearing but during several preliminary hearing, that this entire proceeding was an perverse and isolated case in which the Debtor's principal acted to control and dictate the circumstances of the case. Thus a suspension of all bankruptcy practice of Franken particularly cases under Chapter 7 and Chapter 13 of Franken will not benefit the public, is not necessary, is excessive and is not warranted under the facts of the case.

3. The issues in this case arose from conflicts of interest. Yet this Court has not sought to inquire of the same conflicts of interest of the successor counsel for the Debtor or the Debtor's principal Peter Letterese. Thus this Court has not applied the same standard to other counsel as applied to Franken. This Court appears to choose to permit such representation by other counsel but sanctions Franken for similar conflicts of interest. In fact one of the events in which Franken is being sanctioned was motion filed by Franken for the Shareholders raising a conflict of interest of the Trustee's counsel which was not otherwise brought to the Court's attention by the Trustee.

4. The Court had prior hearings had expressly stated that it was not the intention of the Court to interfere with Franken's practice outside of this case. This Court under the facts shown to

2

the Court should not have deviated beyond that standard. Hence the 180 day bankruptcy bar should be lifted, or limited in time and scope.

5. The Court further expressly permitted Franken to assist the Debtor in this case after Franken was disqualified from the case. Now the Court has punished Franken for such assistance after allowing Franken to provide assistance.

6. The sanction imposed should be applied to wrongdoing involved. In this case, the actions involve a Chapter 11 proceeding of a corporate entity with related parties. Thus any bar of bankruptcy, if any, must be limited to Chapter 11 proceedings.

7. The actions of Franken demonstrate at best poor judgment in allowing the actions of the principal of Debtor to control the actions of the attorney, but at no harm to the Debtor itself.

8. Franken asserts that any sanction, if any, should be lifted upon completion of the 30 hours of CLE credits in ethics which would conform to the Court's desire. Franken accepts the requirement of the 30 hours to perform regardless of any other ruling of this Court and agrees with the Court.

9. The Court's finding that the public outside of this isolated case is in danger is not supported by the record in this case. This case was an isolated case.

10. In the alternative, the Court may consider allowing Franken to practice bankruptcy law after completing 30 hours of CLE ethic credits, with supervision of a bankruptcy attorney mutually selected by the Trustee and Franken for a specified period of time.

11. The Court must allow Franken access to this Court to

3

continue to represent Franken in this proceeding; the denial would be clear denial of access to the Courts.  Thus any restriction by the Court of access to the Court is requested to exempt this proceeding.

12.  Franken further desires to be very clear of the Court's requirements upon any suspension practice and seeks from the Court to guidance as to:

a. that Franken be allowed to complete any existing case filed prior to the suspension commencing and then file no new case.

b. that Franken be allowed to refer bankruptcy clients to other bankruptcy counsel and receive any referral fee as disclosed during the suspension with full supervision of the bankruptcy attorney.

c. that Franken be allowed to set forth in the Disclosure of Compensation fees earned in cases prior to the suspension with the counsel who will then handle cases, commenced by Franken prior to any suspension.

d. that Franken be permitted to provide pro bono services for bankruptcy cases in lieu of the suspension time period. This would benefit the public without compensation to Franken coupled with the 30 hours of CLE ethics first completed.

13.  This Estate would be harmed by such a 180 day bar, since Franken's ability as testified in the final hearing is very limited to pay any sanction.  Thus foreclosing Franken's ability to earn money does not in fact protect the public, and in fact harms the Estate.  Thus allowing Franken to continue to practice bankruptcy law, but under supervision, or by also providing pro bono services,

4

would both benefit the Estate and the public.

14.   The Court's referral to the Florida Bar was also not requested by the Trustee in their final arguments. Thus this Court should consider removing such referral to the Florida Bar.  The matter involved was plainly an isolated incident.

B. New facts warrant an abatement of sanction payments

15.  Subsequent to the final hearing, the principal of the Debtor, Peter Letterese has reached a settlement with the Trustee, which has been filed with this Court on September 8, 2009 and will now be considered by this Court on September 24, 2009.

16. This settlement if accepted by the Court, proposes that Letterese will make the Trustee's attorney whole.  Since the monetary sanction by this Court against Franken is to reimburse the Trustee for the fees claimed to be spent in this case due to Franken's actions, and Letterese has agreed to pay all of the Trustee's fees in this proceeding, a sanction payment would amount to an impermissible double payment and utter windfall to the Estate or to the attorneys. This Court should therefore with the new evidence of the settlement by Letterese if approved, abate any requirement of a monetary sanction award to the Trustee, pending the Court's review and approval and payment of the legal fees by Letterese.   To require both Franken and Letterese upon the settlement being approved, to pay to the Trustee a portion of the same fees, would constitute an improper windfall to the Trustee. See Pollo Operations v Tripp 906 So 2d 1101 (Fla 3 DCA 2005).

17. The evidence was uncontroverted that all of the decisions made in this case by the Debtor during Franken's involvement for

the Debtor and thereafter for the Shareholders, were directed, controlled, written and orchestrated by Letterese for which Franken performed. Since Letterese is the party who sought the action and controlled the flow of information, Letterese willingness to pay the Trustee's fees justifies that such Trustee fees rightfully be paid by Letterese and not by Franken.  In <u>In Re Steffen</u>  406 B.R. 148 (MD Bktcy 2009) for the same alleged conduct, Judge Paskay imposed the financial sanctions upon the Debtor and counsel. Here the Court found that Letterese controlled the actions of Franken, but only Franken is held to blame, not Letterese.

18.  The Court has denied compensation to Franken for the Chapter 11 proceeding in its entirety. Thus the Estate would benefit by a return of these funds paid. Franken has further suffered by the loss of the work performed, which this Court denied not because the work was not performed, but due to the conflict of interests.  Thus the sanction of payment of the Trustee's fees should be properly abated pending the settlement with the Trustee and Letterese.

<u>C.  Disgorgement of Funds within 30 days is not reasonable</u>

19.  This Court has ordered disgorgement of funds paid within 30 days, without any finding of ability to pay any sums within 30 days. Such order therefore can not stand as stated and must be amended to permit a reasonable time for Franken to pay the disgorgement of funds.

20. This Court has denied Franken from practicing bankruptcy law and then ordered funds to be returned in 30 days. Such action is unreasonably punitive in itself which can not be met by Franken

6

and there is no showing that such action can be met.

21. The Court has failed to consider further that costs incurred by Franken under his Application for fees were costs incurred primarily for third parties including the filing fee. Franken did not receive the funds to Franken but merely collected the funds to pay the Clerk of Court. The Court should be clear that the fees and not costs should be disgorged since Franken did not receive the costs himself.

D. The Factual Background contains clear errors

22. Franken had no involvement with the Debtor or its principals of any kind prior to May 2007 which is uncontroverted. Thus any action taken by Debtor with respect to any transfer of assets plainly preceded Franken as counsel.

23. In paragraph 10 of the Court order, the Court refers to the Copyright action in which the Court finds Franken was counsel. In paragraph 29 of the Court order, the Court refers to the Appeal by the Debtor of the Copyright case which preceded Franken's involvement with the Debtor by several years. Thus the Court is imputing information and knowledge to Franken of a document he neither signed nor in any way could have participated.

24. By finding that Franken knew or should have known is simply without foundation especially since Franken had no involvement with the complaint or the appeal whatsoever. Franken testified that he represented Letterese and the Debtor only in May 2007 in one case as co counsel until February 2008 and then represented Letterese and the Debtor in a foreign collection case. In April 2008, Franken represented Debtor and Letterese in post

judgment arbitration cases.   Thus Franken's representation was particularly limited in scope at the time of the bankruptcy filing. Letterese and Debtor had numerous other counsel during this time period in various litigation cases.

25. In fact, the unconverted testimony of Franken revealed the federal case <u>Peter Letterese & Associates Inc. v World Institute of Scientology Enterprise</u> Case No 04-CV-61178 Huck was filed by David Hoffman in 2004 more than 3 years  prior to Charles D. Franken PA involvement with the Debtor. Charles D. Franken PA filed a notice of appearance solely as local counsel after the bankruptcy filing, but had no involvement in that case, appeared in no hearings and did not take an active role.  Thus to blame Franken for actions of other counsel or to input knowledge where no activity was involved by Franken, predating any involvement can not possibly stand.

26. The Court has failed to consider at no time has MGSI or Letterese or his family sought to participate as a creditor in this estate.  Thus in fact the information revealed by Franken as to MGSI's actions have been clearly truthful at all times. MGSI has not sought at any time the right to claim any interest in the Debtor as a creditor.

27. The Court has taken the facts of the disclosure of MGSI paragraphs 13-16 without noting that all information that Franken revealed is the information imparted to him from Letterese. Franken may be guilty of poor judgment in remaining in a case when being unable to extract the facts from Letterese in a timely manner, but Franken's conduct does not arise to the sanction level

placed by this Court.  It is certainly not the first time that an attorney was not apprised of the all of the facts by the client.

28. The Court did not restrict Franken to act for the Debtor outside of the bankruptcy court until the Court order of August 28, 2008. DE 70.  In fact, thereafter, Franken did not act for the Debtor outside of the bankruptcy court in any manner other than the express matters this Court permitted Franken to act.  Thus Franken did not violate this Court's Order of August 28, 2008 by its very words.

29. Franken was permitted to assist the Debtor by this Court. The actions complained of by Franken were within the authority allowed by this Court. At no time did this Court inform Franken that he could not act for the shareholders.  This Court permitted Franken to act and argue the motions that this Court now punishes Franken.   This appears to be an ex post facto violation.

30.   The Court Order reviews the Debtor's efforts through Franken to seek emergency relief from the District Court in paragraphs 18 and 19. The Trustee did not participate in that case other than to affect the automatic stay. The actions were performed by Franken in good faith and performed prior to this Court's first ruling limiting Franken to actions within the bankruptcy Court. Thus Franken did not violate any Court order of this Court nor was the Trustee be forced to expend any time in connection with the due process case.  Thus Franken did not violate this Court's order in connection with the Bankruptcy Due Process case. No effort was made by the Trustee. No injury was suffered by the Debtor or the Creditors. It was a complaint filed in good faith to extend the

arguments.

31. Franken further relied upon the advice of the U.S. Trustee office to pursue all claims and rights of the Debtor in filing the Rico claim and Bankruptcy Due Process Claim. Franken further expressly sought from this Court authority to proceed with such cases.

32. Had this Court simply stated at the time of conversion that Franken was to have no involvement with this case further for any party, Franken would be immediately honored such order. Instead this Court permitted Franken to proceed to assist the shareholders and the Debtor and now punishes Franken for such conduct.

33.    The Court allowed Charles D. Franken to have limited representation of the Debtor DE 70 through the hearing on the conversion or dismissal.   In this order, the Court allowed the Debtor to file limited and specific documents in the pending federal litigation brought by the Debtor.

34. It must be noted that the Court order DE 70 restricted Franken from actions outside of the bankruptcy court on behalf of the Debtor. There is no showing that Franken violated to very words of that order.   Thus paragraph 23 of the Court's order is misleading factually since each of the actions by Franken were either filed prior to the Court order DE 70 or filed on behalf of parties other than the Debtor which did not seek to harm or be in conflict with the Debtor.

35. Thus the conclusion in paragraph 24 that Franken violated the express terms of the Limited Retention Order is not correct and can not stand.   Franken diligently complied with the Court's

direction that Franken is not to act for the Debtor outside of the Court proceeding and Franken did not do so except for the limited action permitted by the Court. Had the Court stated that Franken is not to act for any party Debtor or any other related party, Franken would have complied with such order.

36. At no time did Franken act against the Debtor's interests. Thus the motion to dismiss or disqualify DE 140 acted in favor of the Debtor's interest in the proceeding and this Court permitted the motion to proceed.

37. The Court denied Charles D. Franken to be the attorney for the Debtor either in the Chapter 11 or in the Chapter 7 proceeding although neither the creditors of the US Trustee objected to Charles D. Franken representing the Debtor. DE 94.

38. Paragraph 26 of the Court order, imposes an impossible burden upon Franken to reveal information that in fact was not known to Franken at the time of the full ownership rights having been transferred to MGSI. Only Letterese knew the full facts. The transfer of assets had occurred years before Franken represented Letterese. Franken's role in representing Letterese was limited in 2007 and early 2008 to one case involving American Arbitration Association in which MGSI had no role.

39. Paragraph 26 of the Court order is not correct. Charles D. Franken with Peter Letterese attended two meetings with the Trustee's office and counsel to discuss the RICO and Due Process case and the proceeding of the case where the Trustee expressed a desire to employ Charles D. Franken PA to represent the Trustee's interest if financial arrangements could be made; to wit Letterese

would fund the litigation but the Trustee would control the litigation. The meeting requested by Debtor was to assist the Trustee in understanding the nature of Debtor's assets. Due to a disagreement between Peter Letterese and the Trustee over the control of the litigation, the Trustee did not seek to have Charles D. Franken appointed as special counsel for the Trustee before this Court. The issue of a conflict was not considered by the Trustee.

40. At no time did the Trustee or Trustee's counsel request or suggest that Charles D. Franken cease representation of Peter Letterese individually in the Due Process or Rico cases. Nor has this Court entered any order directing Charles D. Franken PA not to represent Peter Letterese in any proceeding. At no time did Trustee's counsel seek to coordinate or act with Peter Letterese or counsel with respect to the Due Process of Rico case. Had the Trustee raised an objection, Franken would have been placed on notice of the Trustee's concerns, but none were advanced by the Trustee until the motion for sanctions was filed by the Trustee.

41. <u>Franken was never provided any warning of his conduct to be wrongful so that there was an opportunity to cure such conduct or cease such conduct by the Trustee or the Court.</u> Again, the Trustee explored retaining Charles D. Franken PA to be counsel for the Debtor.

42. The Court Order, paragraph 31 finds Franken filed an amended complaint in the RICO case solely for Letterese. Franken did seek to stay the RICO and Due Process case for Letterese, but was rebuffed by the Federal Courts. Franken attempted to work with the Trustee.

43. Franken was never provided any notice to withdraw the complaint under Rule 11 as no notice was provided and this Court stayed the RICO case.

44. Thus the concerns of this Court, which are personal to the Court and not judicial in paragraph 31-37, could have been easily resolved with notice and warning. Instead the Court has punished Franken for his colorable claims that were not given any time to develop by discovery since this Court stayed all proceedings. Franken has stated at the final hearing, that the joinder of Judge Olson, the trustee and its counsel was over zealous, which would have been corrected and withdrawn upon providing notice, but no opportunity was ever provided to Franken to correct that action. Franken regrets the action taken and understands that the action required Court approval under the Barton doctrine. A simple notice of same would have cured the error, not the sanctions imposed now by this Court against Franken.

45. In Steffen the sanction for the same action was $5,310.00. Here, the court for 4 specific areas of conduct has sanctioned Franken over $93,000.00. The Court simply erred in failing to address the wrongdoing and the cost to the Trustee for each wrongdoing and therefore erred in failing to award sanctions for specific conduct and specific time for each event.

46. The Trustee never identified in the motion for sanctions what Court order Charles D. Franken violated. No mention was made of any violation of the Florida Bar rules in the motion. Thus Franken was never provided proper notice in any pleading in this contested matter of the true charges against him.

47. Without proper notice from the Court or the Trustee of the nature of the violation Franken's basic due process rights were violated.

48.   The Trustee has claimed only at the time of the final hearing with no proper notice, that Charles D. Franken violated the August 28, 2008 order DE 70 by filing documents as the basis for contempt, yet no documents were in fact filed other than what was authorized by the Court with respect to the Debtor.

49. Neither the Trustee's Motion nor Section 105 (e) should not be used to circumvent Rule 11 procedures which provides safe harbour for any actions claimed to be improper in a legal proceeding.   This Court's Order thus is improper and should be withdrawn of the sanctions imposed.

50.  The Trustee never provided any prior warning or notice to Charles D. Franken before seeking sanctions or contempt.

51.   The Court never provided any prior warning or notice to Charles D. Franken that the actions were contemptuous of this Court.

52. Franken has always respected the Court and served this Court for more than 30 years as an officer of the Court. Franken has acted zealously for the Debtor and its shareholders, but only and always in the best interests of the Debtor to provide the maximum value to the Estate. Franken never sought to harm the Estate in any manner.  To the extent the estate was harmed, Franken apologizes and it was not his intention to do so.

53. Franken is not guilty of any acts of willfulness. Franken is guilty of poor judgment and in acting for the client's wishes

subverting Franken's own interests.

54. The actions of Franken in filing the motion to remove the Trustee and other motions DE 140 were permitted to be argued by the Court. If the Court had believed the motions were not properly filed, the proper remedy was to strike the motions. By hearing the motions, the Court sanctioned such right to file and argue the motions. Now the Court sanctions Franken after allowing the motion to be heard.

55. The Court finding in paragraph 39 of the Court Order that Franken's actions were adverse to the Debtor is a conclusion of this Court, but lacks any support. In fact, the actions sought to protect the Debtor from harm and conflicts which appeared by Trustee's counsel having been employed previously by the major Creditor's counsel.  The Court permitted Charles D. Franken to argue these motions.  The Court denied the relief, although the motion properly raised a factual basis and was plainly with merit.

56. In paragraph 41 of the Court Order, the Court claims that a fraud on the Court was perpetrated, yet the Court never provides any substance to the claim of fraud. There has never been any evidence that the Restatement Memoranda facts were in any way fraudulent. The Restatement contained information which was to assist the Court and the parties as to the facts that had occurred in January 2006, prior to Franken's involvement with the Debtor in any capacity.  Franken did not participate in events in January 2006 which the Restatement merely described, but did not create the rights.

57. The finding of paragraph 41 that the filing of the

15

Restatement is a violation of the express order DE 70 is simply incorrect. The Court has chosen to expand the very words of the Court to restrictions which did not exist. The actions of Franken in filing the restatement did not expressly violate DE 70 since the Franken's actions were permitted in the bankruptcy court.

58. At no time did Franken or Letterese state that the copyrights remained with the Debtor. The schedules do not contain copyrights as assets. Thus for this Court to claim that the Debtor had claimed it owned copyrights in 2008 has no factual basis. There was no misleading of facts in this case before the Court, or the Trustee by Franken.

59. The Trustee's counsel acknowledged at the final hearing that the Trustee believed the copyright case had value. Clearly Letterese believes the Debtor's assets to have value by the offer to pay over $1,600,000.00 to the Estate.

60. The Court's findings in paragraph 45 of the Court order are not supported by the facts of the case. The evidence was clear that Letterese prepared the document as he had in participated in all of the documents which this Court properly concluded.

61. Paragraph 47 of the Court order is true as to the first part that Letterese controlled the actions and that Franken did not and could not exercise his independent judgment. The statement that Franken dissipated assets to MGSI is utterly without foundation since the assets that MGSI apparently obtained occurred in January 2006, predating Franken by 17 months, not in November 2008.

62. The Court did not enter any order which directed that

16

Franken could not represent Peter Letterese in any litigation that was related. It was only when the Court stayed all proceeding did the Court extend the orders to related matters.

63. The Court did not enter an order that Charles D. Franken could not represent any party in this case. Franken's representation was at all times aligned with Debtor's interest and never against the Debtor.

64. Charles D. Franken did not represent the Debtor after the order of conversion was entered.

65. Charles D. Franken did continue to represent Peter Letterese only in the federal claims that were brought by the Debtor and Peter Letterese. Charles D. Franken sought to work with the Trustee in those cases and provided a letter to the Trustee outlining those cases and time issues.

66. Charles D. Franken has never violated the automatic stay of the litigation entered by this Court.

67. Charles D. Franken has claimed and Peter Letterese has confirmed that Charles D. Franken acted in the best interests of the Debtor at all times.

68. Charles D. Franken has claimed he truthfully provided all of the information known to him concerning MGSI.

E. Monetary Sanctions awarded are excessive

69. Any sanctions must naturally flow from the wrongdoing. In this case, the Court has accepted automatically all of the Trustee's claims as a starting point, rather than determining the specific wrongdoing tied to the specific time invested by the Trustee. Thus the Court's conclusions are erroneous and must be

17

amended. It is clear under <u>Steffen</u> that the Court must address the wrong and the cost to the other party. This Court has not done so with the items that this Court found Franken did wrongfully.

70. At the Trustee's request, Peter Letterese and not Franken submitted numerous documentation to support the various lawsuits which the Trustee produced in its exhibits. The Trustee's counsel seeks 35 hours of review of these documents submitted by Peter Letterese at the fault of Franken where no fault exists. The Trustee's counsel could not show how from the small amount of documents introduced into evidence that he could have spent 35 hours reviewing the documents. Further such claims were assumed by the Court at the conversion/dismissal hearing to have value since the Court elected to convert the case and not dismiss the case.

71. Further Letterese has agreed to pay over $1,600,000.00 for such claims. How then can Franken be sanctioned for presenting information for which the creditors will receive a significant portion of their claim?

72. The purpose of Chapter 11 was to reorganize the debt free of claims and attacks of the creditors of the Debtor. The Debtor's filing was to preserve the assets and to achieve a plan to repay the creditors. This Court determined at the conversion hearing, that the Court believed the claims had value and that the Court's basis for conversion was to change the leadership from the Debtor and its counsel to the Trustee and her counsel. That is the essential basis for the conversion. The Court did not conclude that the lawsuits or claims were without merit, and this Court made no finding of a frivolous suits at any time. This Court concluded that

18

the reason not to dismiss the bankruptcy was because the lawsuits were valuable, not frivolous.

73.  The Trustee seeks over 40 hours of time spent for mediation in this proceeding. The Court awarded these fees which are plainly excessive in amount and plainly not a proper claim of any damage to the Trustee. The Trustee brought this motion DE 140.

74. Franken testified he made numerous efforts to seek to resolve the matter which the Trustee's attorney did not dispute. Franken's efforts went purposefully ignored and unanswered. To award the Trustee for any of the time spent for mediation is unwarranted. To award 40 hours for a 3 hour settlement conference is grossly excessive.

75. The Trustee seeks over 30 hours to prepare and attend a 3 hour deposition of Charles D. Franken. The Court can not possibly award such excessive time for the deposition. Further such time was not related to the Trustee's claims under the motion and should be disallowed in its entirety.

76. The Trustee seeks over 100 hours of time spent for an associate time which is duplicate of work performed by other attorneys.  The Court did not reduce the time spent and should discount the duplication of effort.

77. The Trustee seeks all legal fees associated with the bringing of this motion.  The Court can not properly award such fees since the cost is not based upon the harm to the Estate but only to benefit the Trustee. This matter should have been handled in a short hearing as the Court performed in all prior hearings and not by an adversary proceeding as argued by Franken properly.  The

19

Court's decision months after the motion was filed to treat this motion for sanctions as contested matter was an abuse of the Court's discretion.

78. The Trustee acknowledged that it did not provide any bills claimed in this proceeding until the exchange of exhibits days before the trial despite demand for same by Charles D. Franken both voluntarily as part of the effort to resolve the motion for sanctions and as part of the formal request for documents. Such denial of this critical information violated Franken's basic due process rights.

79. The Trustee admitted he did not return any of the numerous calls placed by Charles D. Franken to resolve the pending motion.

80. The Court's finding of fees incurred by the Trustee in paragraph 51 of the bankruptcy due process case can not be sustained when the Trustee never took any action with respect to that case.

F. CONCLUSIONS OF LAW ARE INCORRECT

81. The Court holding this proceeding is a core proceeding is not supported by the law. In Re Evergreen Security Ltd 381 B.R. 407 (Bktcy MD Fla 2007).

82. The Court cites to Chambers v Nasco, 501 U.S. 31, 111 S.Ct 2123 (1991). However the Court in Chambers explained that Courts have the inherent power to control their own courts. However such use of the inherent power of the Court must be exercised with restraints. Further there must be a finding of bad faith before sanctions may be imposed. Where the alleged bad faith conduct is conducted in the course of litigation and rules would provide a

20

sanction, the Court should resort to a rule, rather than a statute. In order to avoid the American rule which bars the shifting of fees, it is necessary to find that there has been a wilful disobedience of a court order or that a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.

83. The Court may find poor judgment, but to find a wilful disobedience of a court order or bad faith is simply not a conclusion that this Court could have properly found upon the facts of the case. The Court's uses DE 70 as the fulcrum for its basis of a violation but such violation was never pled, nor does a violation of DE 70 exist. Franken did not violate the express wording of DE 70 at all. The Court is finding fault with Franken for actions not expressly contained in DE 70 and has simply rewritten the DE 70 order to justify grounds for sanctions. Such action is not permitted and must be reconsidered. In Barnes v. Dalton 158 F 3d 1212,1214 (11th Cir 1998), the Court states an award of sanctions is warranted under inherent powers of the Court where there is a knowing frivolous argument; or seeks to harass an opponent, or delaying or disrupting litigation. None of those grounds exist in this case.

84. The Court also cites misconstrues that 11 USC § 105 (a) is not an independent source of power for the Court, but is to assist the Court in proceeding. In Re Walker  This Court has used 11 USC § 105 as the sole source of power in this proceeding which is an improper use.

85. If the Court finds that the amended RICO case was filed improperly not by the Debtor but by Letterese and which the Debtor

21

was not harmed and for which Franken had to act to protect Letterese from harm, the cost of action taken by the Trustee does not justify the amount of the monetary sanction or the sanction of 180 days of bankruptcy bar. Furthermore such action did not violate DE 70 since the amended RICO complaint was not an action by or against the Debtor at all. Even if such amendment was in error Rule 11 would have immediately rectified the error. Further any sanction imposed must meet the wrong as was done in <u>Steffen.</u> The amount of the sanction is truly excessive.

86. If the Court finds that the Bankruptcy Due Process case was not filed properly, the Trustee spent no time in connection with that case or amending the Bankruptcy Due Process case, the cost of action taken by the Trustee does not justify the amount of the monetary sanction or the sanction of 180 days of bankruptcy bar. Further such action did not violate DE 70. Further the claim did not delay this case at all and there was no harm to the Estate.

87. If the Court finds that the Motion to Remove the Trustee was improper even though there was a factual basis to make the request since the Trustee did not pursue the claims of the Debtor, the Trustee did not spend the time that is being awarded and does not justify the amount of the monetary sanction or the sanction of 180 days of bankruptcy bar. Further such action did not violate DE 70. Further it is plain that there was good cause to raise the issue of the Trustee's counsel impartiality.

88. The Court finding Charles D. Franken acted in bad faith with respect to the Trustee or to the Court or that Charles D. Franken acted vexatiously, wantonly or for oppressive reasons in

22

this proceeding is not supported by the facts. In Re Mroz, 65 F 3d 1567 (11th Cir 1995). Although the joinder of the Trustee and her counsel and this Court was wrongful conduct in the Rico case, such joinder was not in bad faith or vexatiously and Charles D. Franken did not further act, when advised that the act was improper and would have promptly withdrawn the claim given any opportunity to do so.   Although Steffen made a finding of bad faith for similar actions, the penalty was $5,310.50 which met the cost to the Trustee.

89. Further the Court should have been troubled by the total lack of any warning of wrongful conduct by the Trustee either by a Rule 9011 or Rule 11 motion or even any communication prior to filing the motion for sanctions. In Re Mroz, 65 F 3d 1567 (11th Cir 1995). The Trustee further did not communicate with Charles D. Franken either during the early stages of the Chapter 7 with respect to the pending litigation nor with respect to this Motion which caused excessive legal fees by the Trustee.   Thus a significant part of the Trustee's claims of expense could have properly been avoided.

90. When appropriate, the Court is required to impose appropriate sanctions to meet the required conduct.   The denial of legal fees to Charles D. Franken is of a direct benefit to the Estate and to the creditors.

91. The award of fees to the Trustee in the amounts claimed is not supported by the time records and is not justified by the specific actions of Franken but instead constitute an impermissible shifting of all fees to the Trustee by Franken. Franken actions

were of poor judgment, but do not justify that Franken should pay the Trustee to perform their job.

92. This Court is requested to reconsider the finding of bad faith, to reconsider the finding of any wilfulness, to reconsider that DE 70 was not violated, that the punishments should properly fit the crimes alleged.

G. All time periods imposed in the Court order must commence upon the entry of the order on this motion

93. Consistent with Rules 9023, 9024, and so there is no further violation, upon the filing of this motion, all time periods would commence upon the Court entry of an a further order on the sanctions. Franken will not disobey a Court order as Franken has never intended to do at any time. Thus Franken will comply with the Court's order commencing upon the Court's ruling of this motion.

WHEREFORE the good cause shown, CHARLES D. FRANKEN and CHARLES D. FRANKEN PA respectfully requests this Court to reconsider, grant relief and reverse its order of sanctions, to modify the sanction amount to a sum far lesser than awarded based upon the actual time spent by the trustee for the specific actions claimed for the first time at the final hearing to violate DE 70, that the Court must review DE 70 to determine that such order was not violated, that Franken used poor judgment but did not wilfully violate any Court order, that the 180 bar of bankruptcy is excessive and unnecessary to protect the public with a lesser sanction of 30 hours CLE ethics and a bar of Chapter 11 more appropriate, or to permit pro bono work or to permit bankruptcy practice with supervision, that the order of monetary sanctions be abated pending payment by Peter

Letterese of the Trustee's fees to avoid a double payment for the same claim, that this Court set forth clear guidelines for Franken to participate in bankruptcy during any suspension, that any bar of Franken not include this Case so that Franken may not be barred from his rights in this case, that all time periods in the order such run from the date of this Court's amended order after ruling upon Franken's motions and other relief as this Court deems proper.

I hereby certify that a true and correct copy of the foregoing was sent by electronic notice this 17 day of September 2009 to the following:

U.S. Department of Justice
Office of the United States Trustee
Suite 1204
51 S.W. First Avenue
Miami, FL 33130

Marika Tolz
for Creative Desperation
4801 Sherman St
Hollywood Fl 33021

Barry Gruher Esq
John Genovese Esq
200 East Broward Blvd
Suite 1110
Fort Lauderdale, Fl. 33301

> CHARLES D. FRANKEN PA
> Attorney for FRANKEN
> 8181 W. Broward Blvd
> Suite 360
> Plantation, Fl 33324
> Tel 954 476 7200
> Fax 954 424-0297
>
> By:_____
> CHARLES D. FRANKEN 224251

25