**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                            CASE NO. 08-19067-BKC-JKO

CREATIVE DESPERATIONS, INC.,                             CHAPTER 7
a/k/a PETER LETTERESE & ASSOCIATES

    Debtor.
_____/

**CHAPTER 7 TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY CHURCH OF SCIENTOLOGY INTERNATIONAL AND BRIDGE PUBLICATIONS, INC. [C.P. 364]**

**MARIKA TOLZ**, as Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Creative Desperation, Inc. (f/k/a Peter Letterese & Associates, Inc.)(the "Debtor"), by and through counsel, hereby files this Response in Opposition to Motion for Relief from the Automatic Stay by Church of Scientology International and Bridge Publications, Inc. (collectively, the "Scientology Group") [C.P. 364] (the "Stay Relief Motion") and states, as follows:

**I.      Preliminary Statement**

For months, the Scientology Group represented to the Trustee that it would propose a substantial offer to purchase some or all of the Debtor's assets. Indeed, the Scientology Group insisted that the Trustee refrain from filing avoidance actions against third parties to recover pre-petition and post-petition transfers. The Trustee believes that such insistence was premised upon the Scientology Group's desire to litigate those claims itself. As is now well known, a good faith offer from the Scientology Group never materialized. Instead, the Scientology Group has, without success to date, petulantly objected to efforts by the Trustee

to sell the estate's significant assets to third parties. Now, through the Stay Relief Motion, the Scientology Group seeks authority to pursue fraudulent transfers that are already the subject of litigation (in which the Scientology Group has not sough leave to intervene) and settled by the Trustee. It is apparent that the Stay Relief Motion is only one further attempt by the Scientology Group to disrupt the legitimate efforts of the Trustee to settle claims and sell assets as part of its longstanding litigation strategy with Letterese. The Stay Relief Motion fails to provide any relevant legal authority to support the requested relief and should be denied.

**II.     Background Facts**

On June 22, 2009, the Trustee filed an adversary complaint for declaratory relief, for temporary and permanent injunctive relief, for avoidance of transfers of estate property, and for Damages, in a cause styled *Tolz v. MGSI, Inc. a/ka/a MGSI-Karas, Thomas John Karas, Barbara Fawcett f/k/a Barbara Letterese, Ramona Letterese, Charles D. Franken, and Charles D. Franken, P.A.* (Adv. Pro. No. 09-01649-BKC-JKO-A) (the "MGSI Litigation"). Therein, the Trustee seeks to recover certain pre-petition and post-petition transfers of estate assets from third parties, including Barbara Fawcett, Thomas Karas, and MGSI, Inc. Of critical importance, the Trustee believes her strongest claim is a claim under Section 549 of Title 11 of the United States Code (the "Bankruptcy Code"). Significantly, the MGSI Litigation alleges causes of action for post-petition transfers of the Debtor's assets.

The Trustee and the Debtor's former principal, Peter Letterese ("Letterese") have now settled the MGSI Litigation as a component of the Stipulation For (I) Purchase And Sale of Estate Assets Pursuant to 11 U.S.C. §363( B)(1); (II) Compromise of Controversy Pursuant To Fed. R. Bankr. P. 9019; and (III) Discharge of Debtor Pursuant To 11 U.S.C. §727 (the

"Stipulation for Sale and Settlement"), which was approved by Order of the Court on November 10, 2009. [C.P. 304, 379]. In the event that Letterese does not satisfy his obligations pursuant to the Stipulation for Sale and Settlement, the right to prosecute the MGSI Litigation remains with the Trustee.[1]

The Scientology Group, in its latest attempt to subvert the Stipulation for Sale and Settlement, files its Stay Relief Motion requesting authority to "pursue actions against non-debtor responsible parties" including "MGSI, Inc., Dr. Karas and / or Fawcett." See Stay Relief Motion at ¶6. Clearly, after having failed to acquire the MGSI Litigation from the Debtor's estate, the Scientology Group now purports to file a "competing lawsuit" to the MGSI Litigation.[2]

### III.    The Relief Requested by the Scientology Group is Not Authorized

The Scientology Group does not challenge the Trustee's standing to prosecute the claims alleged in the MGSI Litigation, but rather requests authority to file a lawsuit purporting to independently recover the same assets at issue in the MGSI Litigation pursuant to the proceedings supplementary available to judgment creditors under state law. The Scientology Group attempts to reason that, because they are a purported judgment creditor, allegedly unlike all other creditors, the ability to proceed against third parties under proceedings supplementary pursuant Florida Statute §56.29 is a right that independently belongs to them. The Scientology Group provides no authority to support this proposition. In

---

[1] To date, Letterese has satisfied all obligations pursuant to the Stipulation for Sale and Settlement, including depositing the initial payment of $250,000.

[2] The Trustee notes that the Scientology Group purports to have a final judgment against the Debtor for $266,900.27. Pursuant to the Stipulation for Sale and Settlement, it appears that the estate will be able to effectuate a distribution to unsecured creditors. Should the Scientology Group's claim be allowed, it is possible that the Scientology Group will receive a significant distribution from funds received as a result of the Trustee settling the MGSI Litigation. Notwithstanding their own interest, the Scientology Group appears insistent on preventing such a distribution by interfering with the Trustee's efforts to settle the MGSI Litigation.

fact, relevant case law indicates that the relief requested in the Stay Relief Motion is not authorized.

The purpose of Fla. Stat. §56.29 is to assist judgment creditors in reaching the assets of judgment debtors. Morton v. Cord Realty, Inc., 677 So. 2d 1322, 1324 (Fla. 1st DCA 1996). When a debtor files for bankruptcy, supplementary proceeding actions are stayed by virtue of the bankruptcy filing. See In re Saunders, 101 B.R. 303, 306 (Bankr. N.D.Fla.1989) (holding that the plaintiff's § 56.29 action against the third party non-debtor for alleged fraudulent transfers was subject to the automatic stay provision, 11 U.S.C. § 362(a)).

In this regard, a substantial case law supports the proposition that commencement of bankruptcy stays any state court fraudulent conveyance actions involving a debtor *or its transferees*. Matter of Fletcher, 176 B.R. 445, 452 (Bankr. W.D.Mich. 1995). The case law reaches this conclusion by two different paths. One line of cases holds that fraudulently transferred property constitutes property of the debtor's estate, pursuant to §541(a)(1) of the Bankruptcy Code, because the debtor retains an equitable interest in such property. Id. Consequently, those cases state that § 362(a)(3) of the Bankruptcy Code stays any act by a creditor "to obtain possession of property of the estate." See, e.g., American Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.), 714 F. 2d 1266 (5th Cir.1983); accord Famous Supply Co. v. Central Heating & Air Conditioning, Inc. (In re Central Heating & Air Conditioning, Inc.), 64 B.R. 733 (N.D. Ohio 1986). Other cases simply hold that commencement or continuation of an action or the employment of process to recover a fraudulent transfer against a transferee is an "action to recover a claim against the debtor that arose before the commencement of the case ...," and is subject to the stay under § 362(a)(1) of the Bankruptcy Code. See In re Saunders, supra; In re Colonial Realty Co., 980 F. 2d 125,

4

130-31 (2d Cir. 1992) (holding that a fraudulently conveyed asset does not become property of the estate until it is recovered by the trustee).

The Eleventh Circuit Court of Appeals, analyzing similar facts, has already rejected the proposition advanced by the Scientology Group. In In re Van Dieppen, 236 Fed.Appx. 498 (11th Cir. 2007), the Court held that fraudulent transfer avoidance claims asserted by a judgment creditor in state court against debtor's prepetition transferees were "property of the estate," and as such that the trustee had authority to settle these claims over objection by judgment creditor. Id. at 502. Moreover, the Court further stated that a Bankruptcy Court would have jurisdiction to enjoin judgment creditors from pursuing fraudulent transfer claims against third parties and that a chapter 7 trustee, with rare exception, is the only party that may prosecute these claims. Id.; citing 11 U.S.C. §541. In its reasoning, the Court acknowledged that a complaint pursuant to Fla. Stat. §56.29 does not allege separate claims from those alleged by a trustee pursuant to her avoidance powers under the Bankruptcy Code. See Id. at fn. 6. It is uncontested that section 544 of the Bankruptcy Code provides that the Trustee has the power to avoid the transfer of property of the debtor that is voidable under state law. Munford Inc. v. Valuation Research Corp., 98 F. 3d 604, 609 (11th Cir.1996).

The Bankruptcy Code permits the Trustee to step into the shoes of a creditor for the purpose of asserting causes of action under state fraudulent conveyance acts for the benefit of all creditors. Case law in this District is clear that such fraudulent transfer actions are to be litigated by the Trustee for the benefit of all creditors, not just those who win a race to judgment. In re Zwirn, 362 B.R. 536, 540-41 (S.D. Fla. 2007). Accordingly, a trustee acting under section 544 of the Bankruptcy Code acts as a representative of creditors, and any

property recovered is returned to the estate for the eventual benefit of all creditors, not just those Creditors which claim to hold a judgment. Id.

The Court in In re Zwirn acknowledged that actions for the recovery of the debtor's property by individual creditors under state fraudulent conveyance laws would interfere with this estate and with the equitable distribution scheme dependent upon it, and are therefore appropriately stayed under §362(a)(3) of the Bankruptcy Code. 362 B.R. 536, 540-41 (S.D.Fla. 2007) ("Any other result would produce near anarchy where the only discernible organizing principle would be first-come-first-served.")

While some federal courts have crafted a limited exception allowing bankruptcy courts to grant "derivative standing" to creditors to institute avoidance actions on behalf of the estate upon "showings of particularly extraordinary circumstances" In re V. Savino Oil & Heating Co., 91 B.R. 655, 657 (Bankr. E.D.N.Y. 1988). Specifically, case law is legion that creditors simply lack standing to avoid post-petition transfers of a debtor's property, absent agreement with a trustee or debtor in possession. See Matter of Natchez Corp. of West Virginia, 953 F. 2d 184 (5th Cir. 1992); In re Parmetex, Inc., 199 F. 3d 1029 (9th Cir. 1999). The Scientology Group has failed to proffer any "extraordinary circumstances" that would justify such relief. To the contrary, the Scientology Group has repeatedly demonstrated its desire to frustrate the Trustee's administration of the bankruptcy estate. Moreover, as noted above, the Trustee has settled the very same claims which the Scientology Group now seeks to independently re-litigate.

6

**IV.    Conclusion**

The Trustee respectfully requests that the relief requested by the Scientology Group be denied, and that the Scientology Group not be granted stay relief to prosecute claims belonging to the Debtor's estate.

**WHEREFORE**, Marika Tolz, as Chapter 7 Trustee for the Debtor Creative Desperation, Inc., respectfully requests the entry of an Order denying the Stay Relief Motion and, and for such other relief as the Court may deem just and proper.

Dated this 7th day of December, 2009.

Respectfully Submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel for Marika Tolz, Chapter 7 Trustee for the bankruptcy estate of Creative Desperation, Inc.*

Bank of America Tower
100 SE Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:/s/ John H. Genovese
    John H. Genovese, Esq.
    Florida Bar No. - 280852
    Barry P. Gruher, Esq.
    Florida Bar No. 960993
    Jesus M. Suarez, Esq.
    Florida Bar No. 60086

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic mail to Simeon D. Brier, Esq., Edwards Angell Palmer & Dodge LLP, 1 North Clematis Street, Suite 400, West Palm Beach, FL 33401, and all parties and counsel identified on the CM/ECF service list maintained by the Court in this case on the 7th day of December, 2009.

    **I HEREBY CERTIFY** that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

    By:/s/ John H. Genovese
        John H. Genovese, Esq.