UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

CREATIVE DESPERATION INC.

Case No 08-19067 BKC JKO
Chapter 7 Converted from 11

    Debtor

APPELLANT STATEMENT OF ISSUES ON APPEAL

CHARLES D. FRANKEN PA and CHARLES D. FRANKEN Appellants, pursuant to Bankruptcy Rule 8006 and Local Rule 8006-1 hereby files this Statement of Issues on Appeal by Appellants of Appeal of Amended Order on Sanctions against Appellant as follows:

STATEMENT OF ISSUES TO BE PRESENTED

A. Whether the Bankruptcy Court erred in the Order for Sanctions Awarding $92,514.00 against Appellant which Amount of Award was not supported by the evidence in either the amount awarded for the services rendered, nor was the award based upon the reasonable sums of attorney fees and costs actually proven to have been incurred by the Estate in investigating and responding to deadlines and in connection with unauthorized frivolous pleadings and thus the Award must be reversed and vacated?

B. Whether the Bankruptcy Court applied the wrong test to determine the amount of the sanctions by automatically granting all the Trustee's request for fees, except for matters not supported in the billings of the Trustee, instead of applying the test to determine only the Trustee's reasonable sums of attorney fees and costs incurred by the Estate in investigating and responding to deadlines and in connection with unauthorized frivolous pleadings and thus the amount of sanctions against Appellant must be reversed and vacated?

C. Whether the Bankruptcy Court erred by awarding sanctions in an amount for litigating the sanction issue or for

fees in prosecuting the Motion for sanctions, which request for fees was never demanded by the Trustee in its motion, nor awarded by the Sanctions Order and which the Trustee withdrew such requests?

D. Whether the Bankruptcy Court erred by awarding sanctions in an amount for litigating the sanction issue or for fees in prosecuting the Motion for sanctions, which request for fees was not authorized upon any contract or Statute to award such fees for litigating the issue of sanctions and thus the amount of sanctions against Appellant for all litigation by the Trustee must be reversed and vacated?

E. Whether the Bankruptcy Court erred in finding Sanctions where the Appellant did not violate any Bankruptcy Court orders, where no violations were identified in the Motion for Sanctions and where the Bankruptcy Court misapplied its prior orders to create a basis for contempt, where contempt could not be awarded and thus the Order for Sanctions against Appellant must be reversed and vacated?

F. Whether the Bankruptcy Court erred in applying 11 U.S.C. Section 105 (a) without first requiring application of Rule 9011 of the Bankruptcy Rules of Rule 11 of the Federal Rules of Civil Procedure to provide a right to withdraw pleadings or any notice or warning to Appellant and thus the Order of sanctions against Appellant must be reversed and vacated?

G. Whether Appellants Due Process Rights were violated where the Trustee Motion for Sanctions failed to identify any Court order that was violated, the Court permitted the very conduct, the Court then sanctioned Appellant and the Court granted relief well beyond the Trustee's Motion as to amount of sanctions for litigation not requested or for disgorgement of fees other than the

Chapter 11 proceeding and thus the sanctions against Appellant must be reversed and vacated?

H.   Whether the Bankruptcy Court erred in finding a Conflict of Interest by Appellant where the Debtor and the Shareholders were not in conflict, the Estate was not damaged and thus the Order for sanctions against Appellant must be reversed and vacated?

I.   Whether the Bankruptcy Court erred and was inconsistent in sanctioning Appellant to have argued motions based upon a conflict of interest after expressly permitting Appellant without objection from the Court or any party, to argue the motions to assist the Debtor and shareholders and thus the Order for Sanctions against Appellant must be reversed and vacated?

J.   Whether the Bankruptcy Court erred in finding unauthorized frivolous pleadings filed where the Court permitted the Debtor to proceed upon the pleadings and the Trustee ultimately recovered $350,000.00 to date, due to Rico Complaint and thus the Order for Sanctions against Appellant must be reversed and vacated?

K.   Whether the Bankruptcy Court erred and was wholly inconsistent in sanctioning the Appellant for assisting the Shareholders in disclosing the relationship of Debtor to MGSI after the Court disqualified Appellant for failing to disclose the relationship of the Debtor to MGSI and thus the Order for Sanctions against Appellant must be reversed and vacated?

L.   Whether the Bankruptcy Court erred in determining the conflict of interest of Appellant and disqualification as counsel for Debtor of representation of the Debtor and its shareholders and MGSI while permitting other counsel to represent the Debtor and its shareholders and MGSI in the same action without sanctions or

3

disgorgement and thus the Order for Sanctions against Appellant must be reversed and vacated?

M. Whether the Bankruptcy Court erred and was wholly inconsistent in refusing Debtor's request for an evidentiary hearing on the motion to dismiss or convert the Debtor's case to Chapter 7, and then treating the Trustee's Motion for Sanctions as an Adversary Proceeding over the objections of the Appellant and thus the Order for Sanctions against Appellant must be reversed and vacated?

N. Whether the Bankruptcy Judge should have recused himself from these proceedings where the Court was plainly biased against the Debtor and its counsel where the Bankruptcy Court mocked the Appellant for "just following orders" in a German voice parody and injected his personal beliefs and issues of his own involvement with the creditors of the Debtor such that Appellant was not tried by an independent or neutral Bankruptcy Judge and thus the Order for Sanctions against Appellant must be reversed and vacated?.

O. Whether the disgorgement order as to the Chapter 11 proceedings should be vacated since the Debtor received the benefits of the filing and costs and the Appellant was authorized to represent the Debtor on an interim basis and thus the Order for Sanctions against Appellant must be reversed and vacated?

P. Whether there is lack of sufficient evidence presented at the trial, and the findings are clearly erroneous, and requires the Order for Sanctions against Appellant must be reversed and vacated?

Q. Whether the Denial of Appellants Fee Application was error where the services were rendered to the Debtor and there was

4

no conflict of interest requires the Order denying the Final Fee Application must be reversed and vacated?

R. Whether the Bankruptcy Court misapplied the conflict of interest rule against Appellant, where no conflict of interest existed and thus the disqualification and conflict never occurred, no order was ever violated and thus requiring the Order for Sanctions against Appellant must be reversed and vacated?

S. Whether the Court erred in rewriting the Sanctions Order to require payment of unknown disgorgement amount and to pay sanctions money in denying Appellants Motion for Reapplication to practice bankruptcy where Appellants complied with the Sanction Order as to not practicing bankruptcy and taking 30 hours of CLE ethics credit?

T. Whether the Court abused its discretion in delaying and then denying Appellants Motion for Reapplication to practice bankruptcy where Appellants complied with the Sanction Order as to not practicing bankruptcy and taking 30 hours of CLE ethics credit?

U. Whether the award of disgorgement from Appellants and sanctions against Appellant constitute a double recovery of the same claims and constitutes a windfall to the Estate?

I hereby certify that a true and correct copy of the foregoing was served by electronic filing this _10_ day of June___2010.

U.S. Department of Justice
Office of the United States Trustee
Suite 1204
51 S.W. First Avenue
Miami, FL  33130

Marika Tolz
for Creative Desperation
4801 Sherman St
Hollywood Fl 33021

Barry Gruher Esq

John Genovese Esq
200 East Broward Blvd
Suite 1110
Fort Lauderdale, Fl. 33301

                      CHARLES D. FRANKEN PA
                      Attorney for CHARLES D. FRANKEN
                      Attorney for CHARLES D. FRANKEN PA
                      8181 W. Broward Blvd
                      Suite 360
                      Plantation, Fl 33324
                      Tel 954 476 7200
                      Fax 954 424-0297

By:_____
                      CHARLES D. FRANKEN 224251