

**ORDERED in the Southern District of Florida on July 30, 2013.**

_John K. Olson, Judge_
_United States Bankruptcy Court_

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| **In re:** | **CASE NO. 08-19067-BKC-JKO** |
| | **CHAPTER 7** |
| **CREATIVE DESPERATIONS, INC. f/k/a** | |
| **PETER LETTERESE & ASSOCIATES, INC.** | |
|      Debtor. | |
| _____/ | |

### ORDER (I) DECLARING WAIVER OF DEFAULT AND CURE AMOUNTS FOR EXCLUSIVE LICENSE AGREEMENTS AND (II) SETTING FURTHER HEARING ON SALE CLOSING

**THIS CAUSE** came before the Court for status conference on July 11, 2013 at 9:30 a.m. (the "Status Hearing") upon the (i) Motion by Successor Chapter 7 Trustee, Barry Mukamal to (I) Assume and Assign Exclusive License Agreement as Executory Contract Pursuant to 11 U.S.C. §365; (II) Establishing Deadlines by Which (A) The Dane Estate may Declare a Default and/or Cure Amounts that may be Owed under the Exclusive License Agreement and (B) Opportunity to Cure by Successor Trustee; and (III) Setting Further Hearing to Consider Default and/or Cure Amount for Assumption and Assignment of Executory Contract Pursuant to 11 U.S.C. §365 of the Bankruptcy Code (the "Motion") [ECF. No. 703] filed by Barry Mukamal, as Successor Chapter 7 Trustee (the "Successor Trustee") for the Debtor, Creative Desperation, Inc.

a/k/a Peter Letterese & Associates, Inc. (the "Debtor"); (ii) Order dated June 13, 2013 (the "Order")[ECF. No. 713], granting the Motion and setting deadlines for filing a Notice of Default and for Cure Amounts under 11 U.S.C. §365(b)(1) of the Bankruptcy Code; and (iii) Notice of Non-Compliance and Amended Notice Of Non-Compliance By The Dane Estate And/Or Dane Heirs dated July 9, 2013 (the "Notices of Non-Compliance")[ECF. No. 715 & 716].[1]

The Court, having considered the Motion, Order and Notices of Non-Compliance, together with the corresponding Notices of Hearing (the "Hearings") and Certificates of Service [ECF. Nos. 703, 704, 705, 708, 714 and 717] reflecting notice to all creditors, interested parties, the Dane Estate and Dane Heirs, including those representatives and/or agents of the Dane Estate and/or Dane Heirs who may assert or claim an interest in the "IPR Assets", and having heard argument of counsel, does hereby find and determine that service and notice of the Motion, Hearings, Order and Notices of Non-Compliance to the Dane Estate and Dane Heirs and all creditors and other parties in interest including Peter Letterese was valid, sufficient and proper and that all parties had actual knowledge of these matters, but failed to timely file or submit any purported Notice of Default and/or claim or demand for Cure Amounts by the Default Deadline pursuant to the Order nor appeared at the Hearings or Status Hearings. Accordingly, the Court finds that the Successor Trustee has exercised his prudent business judgment relative to the Motion and Order, and that good cause exists to grant the relief set forth herein and, being fully advised in the premises, it is,

**ORDERED**, as follows:

1. Based on the foregoing, the Dane Estate and/or Dane Heirs (the "Danes"), or such

---

[1] Defined or capitalized terms reflected in this Order shall have the meaning as set forth in the Motion [DE 703] or Order [DE 713], unless otherwise defined herein.

other agent/representative or party in interest of the Danes, and any other creditor or interested party who may have standing, or claim any other legal authority, to assert any pre or post-petition monetary breach, default and/or rights to enforce the Exclusive License Agreements or IPR Assets against the Debtor has failed to timely file or submit any purported Notice of Default and/or demand or claim for Cure Amounts by the Default Deadline pursuant to the Order.

2  Accordingly, the Dane Estate and/or Dane Heirs and all other agents, representatives or those claiming any such rights or powers, and all other creditors and parties in interest (collectively, the "Parties") have waived any right or ability to assert a Default and/or request for payment of any Cure Amounts from the estate and/or Purchaser or assigns under the APA. Further, the Danes, Dane Estate and all other Parties are forever barred from asserting any subsequent claim, assertion or allegation of any kind whatsoever that a Default or Cure Amount otherwise existed with regard to the Exclusive License Agreements ("IPR Assets") and the transactions approved under the APA and Sale Order, with all such rights being forever waived.

3.  The Trustee and Purchaser are authorized and directed to close under the APA. The Court shall conduct a hearing as to any closing issues, if any, on **August 28, 2013 at 10:30 a.m. at U.S. Courthouse, 299 E. Broward Blvd., Room 301, Fort Lauderdale, FL 33301** (the "Closing Hearing") unless a "Notice of Closing" is filed prior thereto, in which event, the Closing Hearing shall be canceled. To the extent the Trustee and Purchaser resolve the outstanding issues concerning the closing costs associated with the APA, including without limitation, the Marcum, LLP expert witness fees in connection with the MGSI Adversary Case (the "Closing Costs"), such agreed upon Closing Costs are hereby authorized to be paid by the Purchaser directly to Marcum, LLP or the Successor Trustee and/or as otherwise upon by the Successor Trustee and Purchaser without further order of the Court. Upon payment of the

Closing Costs at closing of the APA, the Purchaser shall have no further liability to the Successor Trustee related thereto or otherwise with respect to the APA.

###

**Copies furnished to:**

Barry P. Gruher, Esq.
*Counsel for the Trustee*
Genovese Joblove & Battista, P.A.
200 E. Broward Blvd., Suite 1110
Ft. Lauderdale, FL 33301
(954) 453-8000
(954) 453-8010
bgruher@gjb-law.com

*(Attorney Gruher is directed to serve a copy of this Order upon all parties including the Dane Estate and Dane Heirs)*

4